**Anthony S Petru** (CA #97399)
petru@hmnlaw.com
**Gavin S. Barney** (OR #163382)
barney@hmnlaw.com
HILDEBRAND MCLEOD & NELSON
250 Frank H. Ogawa Plaza, 4th Floor
Oakland, CA 94612
Tel: (510) 451-6732

**James H. Kaster*** (MN #53946, WI #1001474)
kaster@nka.com
**Lindsey E. Krause*** (MN #398431)
lkrause@nka.com
NICHOLS KASTER, PLLP
4700 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Tel: (612) 256-3200
*pro hac vice motions forthcoming*

Attorneys for Plaintiff Mark Granas

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **MARK GRANAS**, <br><br> plaintiff, <br><br> v. <br><br> **UNION PACIFIC RAILROAD COMPANY**, a Delaware corporation <br><br> defendant. | Case File No. <br><br><br> COMPLAINT <br> DEMAND FOR JURY TRIAL |

COMPLAINT - 1

Plaintiff Mark Granas, by his attorneys Hildebrand McLeod & Nelson and Nichols Kaster, PLLP, for his Complaint against Defendants states and alleges:

## PRELIMINARY STATEMENT

1. Beginning in 2014, Union Pacific began implementing company-wide changes to its fitness-for-duty program ("Fitness-for-Duty"). As a result of these changes, Union Pacific imposed a blanket requirement that employees in certain positions disclose specified health conditions – even when the condition had no impact on the employee's ability to safely perform their job. Union Pacific also imposed a policy that automatically removed the employees who disclosed these conditions from service, and subjected the employees to a Fitness-for-Duty evaluation, regardless of whether the employee had been safely performing the essential functions of their job. These evaluations do not assess whether an employee is physically capable of performing their job, and Union Pacific does not conduct physical examinations as a matter of course. In addition, Union Pacific routinely disregards the opinions of employees' treating physicians. Instead, Union Pacific demands medical information from the employee and conducts a "file review," relying on this review to determine whether the employee is unfit for duty or requires work restrictions that Union Pacific then refuses to accommodate.

2. Granas is a victim of these discriminatory Fitness-for-Duty policies and practices. Despite being qualified for his job, Union Pacific removed him from service and subjected him to a Fitness-for-Duty evaluation. He was then excluded from working at Union Pacific because of his condition.

## PARTIES

3. Plaintiff Mark Granas is an adult individual who, at all relevant times, resided in the State of Oregon.

4. Defendant Union Pacific Railroad Company ("Union Pacific") is a corporation incorporated in the State of Delaware.

## JURISDICTION AND VENUE

5. The Court has original jurisdiction under 28 U.S.C. § 1331, as this action arises under the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. § 12101 *et seq.*

6. Venue is proper in this District and division because a substantial part of the events and omissions giving rise to the claims occurred herein. *See* 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

### *UNION PACIFIC'S FITNESS-FOR-DUTY POLICIES AND PRACTICES*

7. Union Pacific's Medical Rules, as reviewed and revised on February 1, 2014 (attached as **Exhibit A**), apply to all Union Pacific employees across the country. They outline the Fitness-for-Duty program at Union Pacific.

### *PLAINTIFF MARK GRANAS*

8. Granas began working for Union Pacific on or around October 2, 2003, and worked most recently as a Conductor in Klamath Falls. Prior to working at Union Pacific, Granas served 20 years in the United States Army.

9. In late January 2019, Granas dislocated his shoulder and injured his rotator cuff while working on his ranch.

10. Granas sought medical care but did not require surgery. Granas began physical therapy to regain strength and range of motion in his shoulder.

11. On April 22, 2019, Granas's physician cleared Granas to return to work, and issued him a temporary weightlifting restriction while he continued to recover and build strength in his shoulder.

12. At that time, Granas contacted Union Pacific in an attempt to return to work as a Conductor. Union Pacific required that he undergo a Fitness-for-Duty evaluation before returning to work.

13. Shortly thereafter, Union Pacific informed him that it was restricting him from climbing ladders. On May 20, 2020, Union Pacific informed Granas by letter that it could not accommodate his restriction.

14. At no time did Granas's doctors or physical therapist restrict him from climbing ladders.

15. Union Pacific's doctors restricted Granas from climbing ladders – which was contrary to the conclusions of Granas's treating physicians – without ever seeing Granas in person.

16. In the time since, Union Pacific has persisted in its refusal to allow Granas to return to his job. At all times, Granas was capable of performing the essential functions of his job, and he remains able to perform them today.

17. For example, Granas continues to actively manage his ranch, climbing ladders regularly without issue. Granas also worked in construction after leaving Union Pacific, and climbed ladders frequently in his roles.

18.     Granas filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about October 29, 2019. After speaking with an investigator, and at the behest of the EEOC, Granas filed a subsequent Charge of Discrimination on or about April 22, 2020.

19.     The EEOC issued Granas a Right to Sue notice on or about January 12, 2020, and timely commences this instant action.

## FIRST CLAIM FOR RELIEF
### Disability Discrimination
### In Violation of the ADA

20.     Granas incorporates the foregoing paragraphs by reference.

21.     Granas is disabled within the meaning of the ADA.

22.     Granas is a qualified individual within the meaning of the ADA.

23.     Section 12112(a) of the ADA prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

24.     Union Pacific discriminated against Granas on the basis of disability when it issued him a work restriction, removed him from his job, and refused to allow him to return to it.

25.     Because Union Pacific violated 42 U.S.C. § 12112, Granas has suffered and will continue to suffer loss of income, emotional distress, and other damages in an amount in excess of $75,000. Granas is also entitled to attorneys' fees and costs incurred in connection with these claims.

26. Union Pacific committed the above-alleged acts with reckless disregard or deliberate disregard for Granas's rights and safety. As a result, Granas is entitled to punitive damages.

**SECOND CLAIM FOR RELIEF**
**Unlawful Screening**
**In Violation of the ADA**

27. Granas incorporates the foregoing paragraphs by reference.

28. Granas is disabled within the meaning of the ADA.

29. Granas is a qualified individual within the meaning of the ADA.

30. Section 12112(a) of the ADA prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

31. Section 12112(b)(6) of the ADA defines "discriminat[ing] against a qualified individual on the basis of disability" as including" using qualification standards, employment tests or other selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with disabilities unless the standard, test or other selection criteria, as used by the covered entity, is shown to be job-related for the position in question and is consistent with business necessity[.]"

32. Union Pacific discriminated against Granas on the basis of disability by imposing selection criteria, including medical screening, that screens out, tends to screen out, or has a disparate impact on individuals who disclose disabilities.

33. Because Union Pacific violated 42 U.S.C. § 12112, Granas has suffered and will continue to suffer loss of income, emotional distress, and other damages in an amount in excess of $75,000. Granas is also entitled to attorneys' fees and costs incurred in connection with these claims.

34. Union Pacific committed the above-alleged acts with reckless disregard or deliberate disregard for Granas's rights and safety. As a result, Granas is entitled to punitive damages.

### THIRD CLAIM FOR RELIEF
**Failure to Accommodate**
**In Violation of the ADA**

35. Granas incorporates the foregoing paragraphs by reference.

36. Granas informed Defendant of his disability.

37. Defendant failed to engage with Granas in the interactive process.

38. Discriminating against a qualified individual with a disability includes:

> [N]ot making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity[.]

42 U.S.C. § 12112(b)(5)(A).

39. Defendant failed to make reasonable accommodations to Granas's disability, in violation of the ADA.

40. As a result of Defendant's unlawful conduct, Granas has suffered and will continue to suffer a loss of past and future income, mental anguish, emotional distress,

humiliation, embarrassment, loss of reputation, and other damages. He is also entitled to attorneys' fees and costs incurred in connection with this claim.

41. Defendant committed the above-alleged facts with malice, reckless disregard, or deliberate disregard for Granas's rights and safety. As a result, he is entitled to punitive damages.

### FOURTH CLAIM FOR RELIEF
### Disability Discrimination
### In Violation of Oregon Statute § 659A.112

42. Granas incorporates the foregoing paragraphs of by reference.

43. Oregon Statute § 659A.112 provides that it is an unlawful employment practice for an employer "to refuse to hire, employ or promote, to bar or discharge from employment or to discriminate in compensation or in terms conditions or privileges of employment on the basis of disability."

44. Granas is an employee and Defendant is his employer for purposes of § 659A.112.

45. Defendant's conduct described herein violated Oregon Statute § 659A.112.

46. As a result of Defendant's unlawful conduct, Granas has suffered and will continue to suffer a loss of past and future income, mental anguish, emotional distress, humiliation, embarrassment, loss of reputation, and other damages. He is also entitled to attorneys' fees and costs incurred in connection with this claim.

47. Defendant committed the above-alleged facts with malice, reckless disregard, or deliberate disregard for Granas's rights and safety. As a result, he is entitled to punitive damages.

### FIFTH CLAIM FOR RELIEF
### Failure to Accommodate
### In Violation of Oregon Statute § 659.A.112

48. Granas incorporates the foregoing paragraphs by reference.

49. Oregon Statute § 659A.112 provides that it is an unlawful employment practice for an employer to "not make reasonable accommodation to the known physical or mental limitations of a qualified individual with a disability who is a[n] . . . employee, unless the employer can demonstrate that the accommodation would impose an undue hardship on the operation of the business of the employer."

50. Granas is an employee and Defendant is his employer for purposes of § 651.112.

51. Defendant failed to make reasonable accommodations to Granas's disability, in violation of Oregon Statute § 659A.112.

52. As a result of Defendant's unlawful conduct, Granas has suffered and will continue to suffer a loss of past and future income, mental anguish, emotional distress, humiliation, embarrassment, loss of reputation, and other damages. He is also entitled to attorneys' fees and costs incurred in connection with this claim.

53. Defendant committed the above-alleged facts with malice, reckless disregard, or deliberate disregard for Granas's rights and safety. As a result, he is entitled to punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, Mark Granas prays for the following relief against Defendant Union Pacific Railroad Company:

A. Entry of judgment in favor of Granas against Defendant on all claims for relief;

B. For all relief available under the Americans with Disabilities Act, as amended, and the Oregon Human Rights Act, including past and future wages, emotional distress, liquidated damages, and punitive damages;

C. All legal and equitable relief available on Granas's claims in an amount exceeding $75,000;

D. Costs, disbursements, and attorney's fees;

E. Prejudgment interest; and

F. All such other relief as the Court deems just and equitable.

## **DEMAND FOR A JURY TRIAL**

Mark Granas demands a jury trial for all issues so triable.

Date: __1/25/2021__         s/ __Gavin S. Barney__
Anthony S. Petru (CA #91399)
petru@hmnlaw.com
Gavin Barney (OR # 163382)
barney@hmnlaw.com
**HILDEBRAND MCLEOD & NELSON, LLP**
250 Frank H. Ogawa Plaza, 4th Floor
Oakland, CA 94612
Tel: (510) 451-6732

James H. Kaster* (MN #53946, WI # 1001474)
kaster@nka.com
Lindsey E. Krause* (MN #398431)
lkrause@nka.com
**NICHOLS KASTER, PLLP**
4700 IDS Center

COMPLAINT - 10

80 South Eighth Street
Minneapolis, Minnesota 55402
Tel: (612) 256-3200
*pro hac vice motions forthcoming*

Attorneys for Plaintiff Mark Granas

COMPLAINT - 11