IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**MARK GRANAS**,

    Plaintiff,

v.

**UNION PACIFIC RAILROAD COMPANY**,

    Defendant.

Civ. No. 1:21-cv-00116-AA

**OPINION AND ORDER**

AIKEN, District Judge:

    The parties appeared for a pre-trial conference on April 10, 2025, to resolve motions in limine, objections to witnesses, and evidentiary objections. The Court made rulings on the record and now issues this informal order memorializing its rulings. For the reasons memorialized below, Plaintiff's Motion in Limine, ECF No. 79, is Granted in Part and Denied in Part. Defendant's Motion in Limine, ECF No. 63, is Granted in Part and Denied in Part.

### MOTIONS IN LIMINE

1.     Plaintiff's Motions in Limine

Page 1 – OPINION AND ORDER

Plaintiff's Motions in Limine, ECF No. 79, are Granted in Part and Denied in Part.

Plaintiff's First, Third, Fourth, and Fifth motions in Limine are Granted.

Plaintiff's Second Motion in Limine is Granted in Part: Explicit testimony or argument that Plaintiff "has the burden" or "responsibility" to prove at trial that he could do his job "safely" is excluded.

2.   Defendant's Motions in Limine

Defendant's Motions in Limine, ECF No. 63, are Granted in Part and Denied in Part.

Defendant's First, Seventh, and Ninth Motions in Limine are Granted.

Defendant's Second Motion is Granted in Part: Testimony or Argument that Defendant was "required" or that it was "mandatory" for Defendant to conduct an in-person medical examination of Plaintiff is excluded.

Defendant's Third Motion is Granted in Part: If it is presented, Plaintiff shall present evidence of back pay to jury at the same time evidence is presented for front pay. The jury's decision on back pay shall be "advisory" under FRCP 39.

Defendant's Fourth Motion is Denied. Defendant may cross-examine Dr. Trangle about any contradiction in his testimony.

Defendant's Fifth Motion in Limine is Granted in Part, to the extent that propensity evidence is not permitted. Defendant may provide objection at trial.

Defendant's Sixth Motion in Limine is Deferred. The Court declines to exclude Plaintiff, at the outset, from presenting evidence of malice or reckless indifference to

Page 2 – OPINION AND ORDER

support his request for punitive damages. Should the trial reach that stage, the parties shall renew their objections/motions.

Defendant's Eighth Motion in Limine is Granted in Part and Denied in Part: Plaintiff and Plaintiff's wife may testify about Plaintiff's emotional state. Plaintiff's are excluded from presenting testimony in the nature of diagnosis or scientific opinion.

Defendant's Tenth Motion in Limine is Deferred. It is unclear to the Court whether some limited testimony about Plaintiff's job performance will be relevant and helpful. The parties may renew motions and objections at trial.

## WITNESS OBJECTIONS

1. Plaintiff's Objections to Defendant's Witnesses

    A.   Plaintiff's Objection to Dr. Struebel

Plaintiff's objection to Dr. Struebel as a witness is overruled. Dr. Streubel's rebuttal testimony should be constrained to his own medical evaluation of Plaintiff at the time of his evaluation.

    B.   Plaintiff's Objection to Drs. Holland and Charbonneau

Plaintiff's objection to Drs. Holland and Charbonneau, in their capacity as "experts," is granted. Defendant failed to properly disclose these doctors as experts under the federal rules and in contravention of the court's scheduling orders. In lieu of total exclusion, the Court will allow Drs. Holland and Charbonneau to testify as lay witnesses.

2. Defendant's Objections to Plaintiff's Witnesses

A.   Mark Granas

The Court will issue a separate order in conformance with its earlier order (ECF No. 46) ruling on Defendant's Motion to Compel/Motion in Limine (ECF No. 43), concerning testimony about Plaintiff's shoulder condition.

B.   Jennifer Granas

Ms. Granas is precluded from testifying on any issue excluded by the Court's rulings on Defendant's motions in limine.

The Court will issue a separate order in conformance with its earlier order (ECF No. 46) ruling on Defendant's Motion to Compel/Motion in Limine (ECF No. 43), concerning testimony about Plaintiff's shoulder condition.

C.   Kevin Heaton

Defendant's objections to Kevin Heaton are overruled. Kevin Heaton is admitted as a witness. Defendant may renew objections at trial.

D.   Sharryn Jones Smith

Defendant's objections to Sharryn Jones Smith are overruled. Sharryn Jones Smith is admitted as a witness. Defendant may renew objections at trial.

E.   James Mills

Defendant's objection is granted in part.

James Mills is precluded from testifying on any issue excluded by the Court's rulings on Defendant's motions in limine 4, 6, and 7.

James Mills is otherwise admitted to testify.

F.   Kevin Trangle

Kevin Trangle is precluded from testifying on any issue excluded by the Court's rulings on Defendant's motions in limine 2 and 4.

The Court will issue a separate order in conformance with its earlier order (ECF No. 46) ruling on Defendant's Motion to Compel/Motion in Limine (ECF No. 43), concerning testimony about Plaintiff's shoulder condition.

## EVIDENTIARY OBJECTIONS

1.   Plaintiff's Objections to Defendant's Exhibits

   A.   Duplicative Exhibits

The Court makes no finding as to admissibility. The parties shall confer and stipulate to entry of non-duplicative exhibits and provide an updated exhibit list. Plaintiff identifies the following of Defendant's as duplicative of Plaintiff's exhibits, or duplicative of Defendant's exhibits: Defendant's Exhibits 102-105; 109-118; 119 pages 1-19; 125; 126; 127 pages 86, 87, 89-97; 132-141; 143-145; 155; 156; and 158.

   B.   Legally Unsupported Objections

Plaintiff provided objections without explanation or application of his cited Federal Rules of Evidence. The Court declines to exclude the following exhibits based on Plaintiff's unsupported objection: Defendant's exhibits 121-123; 131; and 151. Those exhibits may be excluded for other reasons consistent with this order.

   C.   Legally Supported Objections

      i.   Defendant's Exhibit 101 - Excluded

      ii.   Defendant's Exhibit 106, 107, and 108. – Excluded

      iii.   *Defendant's Exhibit 119, Page 20:* - Excluded

      iv.    *Defendant's Exhibit 120, Pages 21, 22, and 23.* – Excluded

      v.    *Defendant's Exhibit 127 Pages 88 and 98-109* – Excluded

      vi.    *Defendant's Exhibit 128 – Parties will confer and stipulate*

      vii.    *Defendant's Exhibit 129 and 130* – Excluded

      viii.    Defendant's Exhibits 159, 160, 161, 162, 163, 164, 165, - Parties will confer and stipulate

2. Defendant's Objections to Plaintiff's Exhibits

Defendant objected to Plaintiff's exhibits 51 through 55 under FRE 802. The parties shall confer and stipulate whether the deposition testimony could be admitted at trial.

IT IS SO ORDERED.

Dated this 10th day of April 2025.

                                              /s/Ann Aiken

                                            Ann Aiken
                                    United States District Judge