IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**MARK GRANAS**,

    Plaintiff,

v.

**UNION PACIFIC RAILROAD COMPANY**,

    Defendant.

Civ. No. 1:21-cv-00116-AA

**OPINION AND ORDER**

_____

AIKEN, District Judge:

    The parties appeared for a pretrial conference on April 10, 2025, to resolve motions in limine, objections to witnesses, and evidentiary objections. The Court made rulings on the record and issued an informal order memorializing its rulings. ECF No. 87 ("Pretrial Order"). Before the Court are Defendant's Motions for Reconsideration and/or Clarification of rulings made at the pretrial conference. ECF Nos. 88, 90. Plaintiff requested leave to file a response, which the Court granted with a ten-page limitation. ECF No. 92 (Plaintiff's response). For the reasons explained,

Page 1 – OPINION AND ORDER

Defendant's Motion for Clarification, ECF No. 88, is GRANTED. Defendant's Motion for Reconsideration, ECF No. 90, is DENIED.

## BACKGROUND

Defendant's motions concern two issues. First, at the pretrial conference, the Court reserved ruling on the admissibility of evidence of Plaintiff's current shoulder condition. Decl. William H. Walsh ¶ 7, Ex. F at 40:10-24 (court stating that it would not provide a ruling today); Pretrial Order at 4-5 (stating that the Court would issue a separate order concerning testimony about Plaintiff's shoulder condition). Defendant's motion asks the Court to exclude evidence of Plaintiff's current shoulder condition, consistent with the Court's earlier order issued on January 24, 2024. ECF No. 46 (granting Defendant's motion in limine to exclude evidence of Plaintiff's current shoulder condition).

Second, the Court found that Defendant had failed to properly disclose as "experts" doctors Holland and Charbonneau under Federal Rule of Civil Procedure 26(a)(2)(C). Accordingly, the Court limited testimony of Doctors Holland and Charbonneau to that of fact witnesses. Pretrial Order at 3. Defendant's motion asks the Court reconsider that ruling and also rule on the admissibility of specific topics of testimony.

## DISCUSSION

### I. Evidence of Plaintiff's Shoulder Condition

On September 21, 2023, the Court Granted in Part and Denied in Part Defendant's Motion for Summary Judgment. Op. & Order, ECF No. 37. There, the

Court found from the record that Plaintiff injured his shoulder on January 22, 2019. Op. & Order at 6. Plaintiff was treated by Dr. Heaton from January 28, 2019, to June 26, 2019. *Id*. Plaintiff began physical therapy as recommended by Dr. Heaton and discontinued physical therapy on July 31, 2019.

Defendant began its fitness for duty ("FFD") assessment in April 2019. *Id*. at 8. That assessment included Dr. Charbonneau's review of Dr. Heaton's medical records, physical therapy notes, and emergency room records. *Id*. On May 17, 2019, Defendant's Health and Medical Services ("HMS") restricted Plaintiff's job duties, prohibiting him from climbing ladders on railcars, among other things. *Id*. at 8. On May 28, 2019, HMS personnel met with Plaintiff to discuss his possible return to work. *Id*. at 9. Around that time, Plaintiff asked for reconsideration of the work restrictions issued under the FFD process. *Id*. at 10. On July 17, 2019, HMS continued the FFD process for Plaintiff by requesting Dr. Philip Streubel, an orthopedic surgeon, to conduct a medical file review of Plaintiff's right shoulder. Def. MSJ at 14, ECF No. 30. On October 3, 2019, Dr. Holland reviewed Dr. Streubel's assessment of Plaintiff's medical condition and issued permanent restrictions, concluding that "[t]his completes the reconsideration of this case." Def. MSJ at 17; ECF No. 31- 8; EFC No. 31-9 at UP 88, 95. On October 10, 2019, Union Pacific notified Plaintiff of permanent restrictions and that he would be removed from his brakeman position. Def. MSJ at 17. Plaintiff filed a charge with the EEOC of discrimination on October 19, 2019. ECF No. 13.

The ADA prohibits discrimination against "a qualified individual" on the basis of disability. 42 U.S.C. § 12112(a). A plaintiff bears the burden of proving she is a "qualified individual with a disability," defined as "a person who, with or without reasonable accommodation, can perform the essential functions of her job." *Weyer v. Twentieth Century Fox Film Corp.,* 198 F.3d 1104, 1108 (9th Cir.2000) (internal quotation marks and citations omitted). The determination is ***made at the time of the adverse employment decision****. Id.* at 1112 (emphasis added).

Here, because Defendant continued its consideration of Plaintiff's fitness for duty until its final determination made on October 3, 2019, Court finds that the relevant adverse employment decision was made on October 3, 2019. Therefore, evidence of Plaintiff's shoulder condition after October 3, 2019, is not relevant. As the Court stated in its Minute Order issued on January 24, 2024 "Irrelevant evidence is not admissible. Fed. R. Civ. P. 401. The current condition of plaintiff's shoulder is not relevant to the factfinder's determination about the propriety of defendant's actions at the time of plaintiff's employment and termination." After thorough consideration of the parties' pretrial conference arguments, the Court finds no reason to depart from its earlier order.

## II.    Testimony of Doctors Holland and Charbonneau

Plaintiff filed objections to Defendant's "supplemental disclosure" of Drs. Holland and Charbonneau as "expert" witnesses. ECF No. 78 at 4. Plaintiff stated that Defendant had disclosed the two doctors as "experts" for the first time on March 21, 2025—thirty days before trial. *Id.* At the pretrial conference, the Court asked

Defendant to point to the record where it had initially disclosed as experts Drs. Holland and Charbonneau under rule 701. Transcript of Pretrial Proceeding ("Transcript") at 21:11-15. Defendant answered, "they didn't have an independent 701 disclosure." *Id.* at 21:12-13. Defendant explained that it had "identified" Drs. Holland and Charbonneau in "Union Pacific's answers to Plaintiff's interrogatories." *Id.* at 21:16-17. Continuing, Defendant explained that the doctors' opinions had been "disclosed at length" in its answers to [P]laintiff's interrogatories" and that Plaintiff had deposed both doctors who had in turn discussed "their independent roles in the fitness-for-duty process" as it relates to Plaintiff, and the basis of their decisions. *Id.* at 21:20-22:2. Further, Defendant represented that "Dr. Holland and Dr. Charbonneau would not be offering opinions at trial about anything beyond their involvement in the fitness-for-duty assessment that took place with respect to [Plaintiff]." *Id.* at 22:10-13.

With respect to that role in the fitness-for-duty determination, Defendant argued at the pretrial conference that the doctors were not Rule 26(a)(2) experts requiring reports. *Id.* at 22:13-14. Accordingly, Defendant's argument is that the doctors were constructively disclosed as nonreporting experts at various points in the discovery process, or, in the alternative, that they will only testify about their direct involvement with review of Plaintiff's medical records for the fitness-for-duty determination, and are thus fact witnesses not subject to expert disclosure.

In his pretrial motion, Plaintiff argued that Defendant's March 21, 2025 disclosure, however, stated that the doctors would "testify regarding [their] **opinions**

Page 5 – OPINION AND ORDER

about Plaintiff's medical condition, medical care and treatment, and the medical restrictions." ECF No. 78 at 4 (emphasis in original).

At the pretrial conference, the Court found that the proper disclosures had not been made in a timely fashion, and that—rather than outright exclusion—the doctors' testimony would be limited to that of fact witnesses. Pretrial Order at 3; Transcript at 26:15-20; 27:3-4.

Courts generally allow expert testimony by "treating" physicians without need for a report, provided that the opinions do not extend beyond treatment. *See Fielden v. CSX Transp. Inc.,* 482 F.3d 866, 870–71 (6th Cir.2007) (holding that a formal report is not required when determining causation is an integral part of treating a patient); *see also Watson v. United States,* 485 F.3d 1100, 1107 (10th Cir.2007). Nevertheless, even if a party elects to call a physician to testify solely to the treatment, the party must still, consistent with the court's scheduling order, disclose that person as someone he or she intends to call as an expert. *See Musser v. Gentiva Health Services,* 356 F.3d 751, 757–58 (7th Cir.2004).

"Disclosing a person as a witness and disclosing a person as an expert witness are two distinct acts." *Id.* Courts have held that "[f]ormal disclosure of experts is not pointless. Knowing the identity of the opponent's expert witnesses allows a party to properly prepare for trial. [One party] should not be made to assume that each witness disclosed by the [other party] could be an expert witness at trial." *Id; Henricksen v. ConocoPhillips Co.,* 605 F. Supp. 2d 1142, 1159–60 (E.D. Wash. 2009). "If a party fails to provide information or identify a witness as required by Rule 26(a)

... the party is not allowed to use that ... witness to supply evidence ... at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Advisory Committee Notes to the 1980 Amendment to Rule 37 state that this is an "automatic," "self-executing sanction."

Here, neither of the two doctors were a "treating" physician. And there is no dispute that Defendant did not disclose Drs. Holland or Charbonneau as reporting or nonreporting experts in accordance with the federal rules. The Court finds that they are excluded from testifying as experts under Rule 702.

On the other hand, Drs. Holland and Charbonneau have had direct involvement with the case, sufficient for admission under Rule 701, where their testimony is rationally based on their perceptions; helpful to determining a fact in issue; and not based on scientific, technical, or other specialized knowledge. Fed. R. Evid. 701.

The Court cautions that some of what Defendant identifies in its motion for reconsideration as fact testimony appears to exceed that scope of a fact witness. As an example, Defendant explains Dr. Charbonneau should be allowed to testify consistent with his deposition about "the accepted risk of recurrent instability in the shoulder" and that "everybody who has had a shoulder dislocation has some risk of additional subluxation, or recurrent dislocation." Def. Mot. at 3. That sort of testimony (scientific, technical, or other specialized knowledge) does not relate to Plaintiff, and strays over the line into the type of opinion requiring expert disclosure under the federal rules.

Page 7 – OPINION AND ORDER

Defendant asks the Court to clarify whether the doctors can testify with regard to (1) Union Pacific's fitness for duty program; (2) their review of whether Plaintiff was fit for duty; (3) the determination that Plaintiff was not fit for duty because given his history of anterior shoulder dislocation, Plaintiff had a greater than 1% chance of becoming suddenly incapacitated; and (4) if Plaintiff became suddenly incapacitated during the course of his trainman duties, he could be severely injured or killed.

The Court cannot conceive of every possible example on which the doctors' testimony could stray into the realm of expert opinion on those topics. The Court finds that Defendant's representation about the scope of both doctors' testimony captures the spirit of Rule 701. Specifically, at the pretrial conference, Defendant represented that "Dr. Holland and Dr. Charbonneau would not be offering opinions at trial about anything beyond their involvement in the fitness-for-duty assessment that took place with respect to [Plaintiff]." *Id.* at 22:10-13.

### III. Other Issues

Finally, Defendant asserts that the Court took a "rigid and formalistic approach" with Defendant, and a "liberal and permissive approach" with Plaintiff when ruling on the parties' witness objections. Def. Reply at 2, ECF No. 94. The important distinction here is that Plaintiff properly disclosed, within the time ordered by the Court, the experts he intended to call as witnesses. Moreover, as the Court noted on the record, Defendant's objections to Plaintiff's witnesses were undeveloped and not specific. Transcript at 29:16-20 ("I want you to note when you just file the same objections in the same format against the same witnesses one right after

another with no specific arguments, it's not helpful. There's nothing really stated why you object to this witness.").

As far as fairness goes, the Court has been evenhanded. When Plaintiff objected to Defendant's expert witness, Dr. Streuble, who was properly disclosed, the Court overruled Plaintiff's objections. Pretrial Order at 3 (overruling Plaintiff's objection to Dr. Streubel). The Court also overruled Plaintiff's objections to Defendant's exhibits because Plaintiff failed to provide developed argument and specific legal support. Pretrial Order at 5 ("Plaintiff provided objections without explanation or application of his cited Federal Rules of Evidence. The Court declines to exclude [the exhibits] based on Plaintiff's unsupported objection.").

The Court points out that neither either party filed legally supported *Daubert* motions[1] from which the Court could review developed argument and make detailed determinations about reliability and admissibility of proffered expert testimony. However, the Court provided leeway, should more concrete need for evidentiary exclusion arise in the course of trial. That is, though the Court overruled Defendant's objections, it did so without prejudice, allowing Defendant to renew its motion to exclude expert testimony at trial. *Id*. at 4 (holding that as to expert witnesses Kevin Heaton and Sharron Jones Smith, Defendant may renew its motion at trial).

---

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) established criteria to challenge admissibility of expert witness testimony.

## CONCLUSION

For the reasons explained above, Defendant's Motion for Clarification, ECF No. 88, is GRANTED. Defendant's Motion for Reconsideration, ECF No. 90, is DENIED.

IT IS SO ORDERED.

Dated this 17th day of April 2025.

                                        /s/Ann Aiken

                                        Ann Aiken
                               United States District Judge